UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

**FRANCIS X. CAVANAUGH,**           )
                                    )
**on behalf of himself and**        )
**persons similarly situated,**     )
                                    )
       Plaintiffs,            )
                                    )
  v.                                )   Civil Action No. 03-111 (GK)
                                    )
**ANDREW M. SAUL**, et al.,         )
                                    )
       Defendants.            )
---

**MEMORANDUM OPINION**

The Federal Employees' Thrift Savings Plan ("Plan") was created by the Federal Employees' Retirement System Act ("FERSA"), 5 U.S.C. §§ 8401, et seq., and is administered by the Federal Retirement Thrift Investment Board ("Board"). The claims in this case arise from the activities of the Board and its employees. The class consists of participants and beneficiaries of the Plan. Francis Cavanaugh[1] is the named Plaintiff and class representative. Defendants are (1) Andrew Saul, Thomas Fink, Alejandro Sanchez and Gordon Whiting (members of the Board, collectively referred to herein as "Board Member Defendants"); (2) Elizabeth Woodruff (the

---

[1] Roger W. Mehle ("Mehle"), a former member and Executive Director of the Board, and a present participant in the Plan, was the original named plaintiff in this action. Cavanaugh has since replaced Mehle as named plaintiff.

Board's General Counsel); and (3) Gary Amelio (the Board's current Executive Director).

This matter is now before the Court on Plaintiffs' Motion for Reconsideration [Dkt. No. 82] of Magistrate Judge Robinson's denial of Plaintiffs' Motion to Compel Production. Upon consideration of the Motion, Opposition, Reply, and the entire record herein, and for the reasons stated below, Plaintiffs' Motion for Reconsideration is hereby **granted.**

## I. FACTS AND PROCEDURAL HISTORY[2]

Plaintiffs in this case allege that the Board Member Defendants breached their fiduciary duties under FERSA while selecting a new Executive Director and initiating the settlement of a lawsuit brought by the Plan; that Elizabeth Woodruff aided and abetted the Board Member Defendants in their alleged fiduciary breaches; and that Gary Amelio breached his fiduciary duties under FERSA by settling the lawsuit initiated by the Plan. Specifically, Plaintiffs allege that Defendants breached their fiduciary duties by, <u>inter alia</u>, settling a lawsuit brought by the Plan against American Management Systems, Inc. ("AMS litigation"). Defendants retained counsel in connection with that settlement.

During the course of discovery, Defendants invoked evidentiary privileges over certain documents they withheld from production.

---

[2] Unless otherwise indicated, all facts set forth herein are taken from the undisputed facts presented in the parties' briefs.

Among these are ten documents that were prepared by counsel for Defendants in connection with the settlement of the AMS litigation. The documents were not provided to the Board Member Defendants. Defendants withheld the ten documents from production on the ground that they are protected by the attorney work product doctrine.[3]

Plaintiffs filed a Motion to Compel Document Production [Dkt. No. 53] with the magistrate judge, which sought production of those ten documents. After that Motion was fully briefed, the magistrate judge held oral argument and denied the Motion. She concluded that

> there is no need for the Court, at least at this time, to make any determination with respect to whether there is a fiduciary exception to the work product privilege and, if so, whether that exception applies here. Since the evidence before me is that the fiduciaries did not receive the documents or, in the words of Defendant's [sic] counsel, the documents, quote, 'never made it to the fiduciaries,' closed quote. That being the case, the Court finds that the work product privilege was properly invoked and the Court will therefore deny the motion to compel document production. . . .

Transcript of Oral Argument, Pls.' Mot. Ex. C., at 28-29.

Plaintiffs have filed a Motion for Reconsideration of Magistrate Judge's Denial of Motion to Compel [Dkt. No. 82] pursuant to Fed. R. Civ. P. 72(a) and LcvR 72.2(b), which is now before the Court.

**II. STANDARD OF REVIEW**

---

[3] Defendants initially asserted the attorney-client and deliberative process privileges for these documents. They withdrew those assertions after Plaintiffs filed their Motion to Compel [Dkt. No. 53]. Defs.' Mem. in Opp'n to Pls.' Mot. to Compel, Dkt. No. 55, at 2 n.2.

Fed. R. Civ. P. 72(a) and LCvR 72.2(b) allow a party to seek reconsideration of a magistrate judge's decision in a discovery dispute. "On review, the magistrate judge's decision is entitled to great deference unless it is clearly erroneous or contrary to law, that is, if on the entire evidence the court is left with the definite and firm conviction that a mistake has been committed." Barnett v. Pa Consulting Group, Inc., No. 04-1245, 2007 U.S. Dist. LEXIS 18945, at *5 (D.D.C March 19, 2007) (internal quotations omitted); see also LCvR 72.2(c) ("Upon a motion for reconsideration . . . a judge may modify or set aside any portion of a magistrate judge's order . . . found to be clearly erroneous or contrary to law.").

## III. ANALYSIS

Plaintiffs maintain that the magistrate judge committed clear error in concluding that the fiduciary exception to the work product doctrine must be considered only where the work is actually provided to the clients. As a result of this error, Plaintiffs argue, the magistrate judge's failure to apply the fiduciary exception and require production of the ten contested documents was also clear error.

Defendants argue that Plaintiffs' Motion must be denied for two reasons. First, they maintain that the fiduciary exception only applies, if at all, to actual communications between attorneys and fiduciaries. The documents at issue here were internal

communications among attorneys in the Board's General Counsel's office. They were never transmitted to the fiduciaries. Second, Defendants argue that the fiduciary exception applies only to the attorney-client privilege, and is not an exception to the attorney work product doctrine.

The work product doctrine "'does not give an attorney the right to withhold work product from his own client . . . who presumably paid for and was the intended beneficiary of [the attorney's] labors . . . . Having been hired to serve the client, the attorney cannot fairly be authorized to subvert the client's interests by denying to the client those work papers to which the client deems it necessary to have access." Cobell v. Norton, 213 F.R.D. 1, 12-13 (D.D.C. 2003) (citing Martin v. Valley Nat'l Bank of Arizona, 140 F.R.D. 291, 320 (S.D.N.Y. 1991)).

"When an attorney advises a fiduciary about a matter dealing with the administration of an employees' benefit plan, the attorney's client is not the fiduciary personally but, rather, the trust's beneficiaries." Washington-Baltimore Newspaper Guild, Local 35 v. Washington Star Co., 543 F. Supp 906, 909 (D.D.C. 1982). Although the attorney works directly on behalf of the fiduciary, the fiduciary is not the real client; the intention of the representation is to aid the beneficiaries for whom the fiduciary acts. See id. Courts have expressly applied this principle to actions under ERISA, which establishes similar

fiduciary-beneficiary relationships and duties to those established by FERSA.  See id.  See also Everett v. USAir Group Inc., 165 F.R.D. 1, 5 (D.D.C. 1995).

The "fiduciary exception" provides that "communications between attorneys and clients that are fiduciaries . . . will not be protected by the attorney-client privilege except 'where [the client-fiduciary] seeks legal advice solely in his own personal interest or where the discovery material has been shown to relate exclusively to non-fiduciary matters.'"  Cobell v. Norton, 377 F. Supp. 2d 4, 15 n.8 (D.D.C. 2005) (internal citation omitted). Courts in this jurisdiction and others have applied the exception to attorney work product, as well as to information otherwise covered by the attorney-client privilege.  See e.g. Cobell, 213 F.R.D. at 11 ("[I]t is clear that the work product doctrine should not shield documents prepared in order to assist in the administration of [a] trust from the beneficiaries, who are the true client in such an instance.").  "[T]he work product doctrine is inapplicable to documents prepared to assist a trustee in its fiduciary capacity."  Id.

Defendants' argument that the fiduciary exception only applies to advice actually given to the fiduciary is not supported in the case law.  They make much of statements in Washington-Baltimore and other cases indicating that the information subject to the fiduciary exception in those cases was actually communicated to the

fiduciaries.  See Washington-Baltimore, 543 F. Supp. at 909 ("When an attorney advises a fiduciary about a matter dealing with the administration of an employees' benefit plan, the attorney's client is not the fiduciary personally, but, rather, the trust's beneficiaries.") (emphasis added).  See also Cobell v. Norton, 212 F.R.D. 24, 27 (D.D.C. 2002); Everett, 165 F.R.D. at 4; Martin, 140 F.R.D. at 316-17, 327.  Significantly, nothing in those cases indicated that the application of the fiduciary exception was contingent on that communication, however.[4]  Defendants also overlook the application of the fiduciary exception to attorney work product in Everett and Martin; those cases make no mention of any requirement for prior receipt by the fiduciary of the attorneys' work product.  Moreover, the rationale for the fiduciary exception, that the attorney's work was done on behalf of, and with payment from, the fiduciary on behalf of the beneficiaries, has no relation to the question of whether or not the information was ever actually communicated to the fiduciary.

Although some jurisdictions have declined to apply the fiduciary exception to attorney work product, the argument that the fiduciary exception does not apply to the work product doctrine has

---

[4] Moreover, as Plaintiffs point out, those cases addressed the attorney-client privilege, which applies only to communications between attorney and client. Accordingly, the fact that the courts in those cases indicated that the information was communicated from attorney to fiduciary is not significant in the work product context.

been rejected in this jurisdiction. See Cobell, 213 F.R.D. at 10-15; Everett, 165 F.R.D. at 5. But see see Koenig v. Int'l Sys. & Controls Corp. Sec. Litig. (In re Int'l Sys. & Controls Corp. Sec. Litig.), 693 F.2d 1235, 1239-40 (5th Cir. 1982) (declining to extend fiduciary exception analysis to work product doctrine). The court in Cobell recognized that other jurisdictions had drawn a distinction between the two privileges. The court noted that those jurisdictions applying such a distinction did so in the shareholder derivative context, and expressly declined to extend that distinction to the trustee-beneficiary context. 213 F.R.D. at 12 n.5; see also Washington-Baltimore, 543 F. Supp. at 909 n.5 ("In a trustee relationship, on the other hand, there exists no legitimate need for a trustee to shield his actions from those whom he is obligated to serve.").

Plaintiffs in this case are Plan beneficiaries seeking attorney work product prepared in the course of representation of Plan fiduciaries who were acting on behalf of, and owed duties to, the beneficiaries. Where beneficiaries take an adversarial position against a trustee and argue a breach of fiduciary duty, the law in this jurisdiction, as well as others, is clear that the beneficiaries are entitled to the work product of their former counsel. Accordingly, the magistrate judge's determination that "the work product privilege was properly invoked" because the fiduciaries did not receive the documents was clear error.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Reconsideration [Dkt. No. 82] is **granted.**

An Order will issue with this Memorandum Opinion.


June 4, 2007                             /s/
                                        Gladys Kessler
                                        United States District Judge

**Copies to: attorneys on record via ECF**